UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| R.R., <br><br> Plaintiff, <br><br> v. <br><br> ESA P PORTFOLIO L.L.C., <br> and ESA MANAGEMENT, LLC, <br><br> Defendants. | Case No.: 0:25-cv-61891-DMM |

**PLAINTIFF'S MOTION FOR LEAVE TO PROCEED PSEUDONYMOUSLY**

Plaintiff, R.R., by and through undersigned counsel, respectfully seeks leave of Court to proceed anonymously and it moves this Court for a protective order pursuant to Federal Rules of Civil Procedure 26(c) consistent with keeping Plaintiff's identity confidential throughout the pendency of the lawsuit and thereafter.

**MEMORANDUM OF LAW IN SUPPORT**

Plaintiff is a survivor of sex trafficking and is bringing an action for damages against Defendants, under 18 U.S.C §§ 1591 and 1595, as enacted by the federal Trafficking Victims Protection Reauthorization Act ("TVPRA"). Plaintiff seeks leave of Court to proceed pseudonymously because the disclosure of her identity on the public docket will violate a substantial privacy right, which outweighs the presumption of openness in judicial proceedings.

A similar motion was filed at the inception of this case in Florida state Court under Florida rules of procedure; the present Motion is filed after its removal to Federal Court.

I.   SUMMARY OF THE RELEVANT FACTS

▪ **VICTIM'S VOICE, LLC** ▪
100 N. Federal Hwy, 4th Floor, Fort Lauderdale, FL 33301 ▪ Phone: 754-335-4700

Plaintiff, R.R., was trafficked for commercial sex acts between 2009 and 2015. Compl. ¶ 35. During this period, she was exploited at many hotel properties, including the one owned and operated by the Defendants. Plaintiff's traffickers were extremely violent. Id. ¶¶ 63 and 68. Her traffickers used physical violence and force, threats of force, (forced) drug addiction, manipulation, mental abuse, debt bondage, lies and any other means at their disposal to force R.R. into commercial sex acts, which caused her tremendous harm. Id. ¶¶ 22, 59 - 64, 68, 94, 107, 149, 194. Plaintiff is fearful of incurring serious harm by her trafficker(s) if they found her name in a public document discussing her victimization at their hands. Further, Plaintiff's traffickers caused Plaintiff to be so in fear that she was afraid to even think about speaking to a lawyer, pursuing a lawsuit, or reporting these crimes to the police due to the extraordinary violence her trafficker(s) inflicted upon her. Her traffickers threatened to kill her or beat her if she even entertained such a thought and kept her in a perpetual state of terror. Proceeding under Plaintiff's real name would subject her to severe harm or death for bringing this lawsuit by her traffickers and their criminal associates. Additionally, R.R. has a significant privacy right in filling this Complaint under a pseudonym because the matter would reveal material that is of a highly personal nature.

II.     ARGUMENT

Public interest favors public scrutiny of government functions, including access to attend and observe judicial proceedings. *Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 599-600 (1980). "The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical." *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981). Party anonymity, however, does not inhibit the public interest to an open trial in the way that closure of a courtroom does; in cases of anonymity, the public can still observe and scrutinize

judicial function while the plaintiff proceeds under a pseudonym, thus ensuring that "[w]hat transpires in the courtroom is public property." *Craig v. Harney*, 331 U.S. 367, 374 (1947).

Fed. R. Civ. P. 10(a) requires the title of the complaint to name all parties in the action. Courts have nonetheless allowed litigation under a pseudonym when a party establishes "a substantial privacy right which outweighs the 'customary and constitutionally embedded presumption of openness in judicial proceedings.'" *Doe v. Frank,* 951 F.2d 320, 323 (11th Cir. 1992); *Doe v. Neverson,* 820 Fed. Appx. 984, 986 (11th Cir. 2020); *Plaintiff B v. Francis,* 631 F.3d 1310, 1315 (11th Cir. 2011); *Stegall,* 653 F.2d at 186. The Court evaluates whether a party's right to privacy outweighs the presumption of openness by reviewing the totality-of-the-circumstances. *In re Chiquita Brands Int'l Inc.,* 965 F.3d 1238, 1247 n.5 (11th Cir. 2020); *Plaintiff B,* 631 F.3d at 1315.

The Eleventh Circuit has laid out a two-part test to determine if anonymity is appropriate. *Plaintiff B,* 631 F.3d at 1316 (citing *Stegall,* 653 F.2d at 186). In the first part, the Court analyzes the following three factors as to whether the party (1) is challenging government activity; (2) would be compelled, absent anonymity, to disclose information of utmost intimacy; or (3) would be compelled, absent anonymity, to admit an intent to engage in illegal conduct and thus risk criminal prosecution. *Chiquita Brands,* 965 F.3d at 1247; see also *Plaintiff B,* 631 F.3d at 1316. In the second part, the Court evaluates a larger array of factors, including if the plaintiff is a minor, if there was violence or threats of violence, or if there is a unique threat of fundamental unfairness to the defendant. *Id.* (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe,* 599 F.2d 707, 713 (5th Cir. 1979)). Notably, these factors are not "prerequisites to bringing an anonymous suit," but are guideposts for the court's "fact-sensitive" determination. *Freedom from*

*Religion Found., Inc. v. Emanuel Cty. Sch. Sys.,* 109 F. Supp. 3d 1353, 1357 (S.D. Ga. 2015) (citing *Stegall,* 653 F.2d at 186).

### A. Plaintiff has a substantial privacy right because without pseudonymity, Plaintiff would be compelled to disclose information of utmost intimacy.

Plaintiff has a substantial privacy right in guarding the extremely sensitive and highly personal information she must disclose in this sex trafficking case. Evaluating "the issue of pseudonymity requires weighing the scales between the public's interest and the rights to privacy advanced by the movant … [and] privacy interests are recognized in particular circumstances to be in the public interest." *M.M. v. Zavaras,* 139 F.3d 798, 803 (10th Cir. 1998).

In evaluating what information constitutes that of the utmost intimacy, this District has held that victims of rape, human trafficking, and sexual battery have a strong interest in protecting their identities, so that other victims will not be deterred from reporting such crimes. *See Doe v. Vali Hospitality, LLC, et. al.* 23-CV-2231-WWB-RMN (M.D. Fla. Dec. 28, 2023) (granting a plaintiff's request to proceed under a pseudonym where she is a victim of sex trafficking and at risk of serious harm from those who trafficked her); *Doe v. 4201 Orlando, Inc.,* No. 6:24-cv-672-PGB-EJK, 2024 U.S. Dist. LEXIS 68782, at *4 (M.D. Fla. Apr. 16, 2024) (sex trafficking survivor who alleged forced sexual service and physical assault allowed to use pseudonym because it is a personal matter of the utmost intimacy); *C.S. v. Naples Hotel Co.,* No. 2:20-cv-631-JES-MRM, 2021 U.S. Dist. LEXIS 255236, at *11 (M.D. Fla. June 11, 2021) (sex trafficking survivor who alleged forced sexual service, physical assaults, and psychological torment allowed to use pseudonym because it is a personal matter of the utmost intimacy); *Fla. Abolitionist, Inc. v. Backpage.com LLC,* No. 17 Civ. 218, Doc. 46 at 2-4 (M.D. Fla. 2017) (sex trafficking plaintiff would be required to disclose and discuss information related to her victimization by her traffickers and their clients which

outweighs the presumption of openness in judicial proceedings); *Doe v. Blue Cross & Blue Shield United of Wisconsin,* 112 F.3d 869, 872 (7th Cir. 1997) (a rape survivor's right to privacy overcomes the right for the public interest to know her identity). This case arises out of Plaintiff's being forced into sex trafficking; she will necessarily disclose issues of the utmost intimacy.

### B. Plaintiff's substantial privacy right outweighs the presumption of openness in judicial proceedings.

Part Two of the two-part test for pseudonymity outlined by the Eleventh Circuit in *Plaintiff B* evaluates whether the substantial privacy right outweighs the presumption of openness in judicial proceedings. To determine this, the court must weigh all the factors involved, including but not limited to whether the plaintiff is a minor, if there was violence or threats of violence, or if there is a unique threat of fundamental unfairness to the defendant. *Id.*

"The equation linking the public's right to attend trials and the public's right to know the identity of the parties is not perfectly symmetrical." *Stegall,* 653 F. 2d at 185. "The public right to scrutinize governmental functioning, is not so completely impaired by a grant of anonymity to a party as it is by closure of the trial itself, as the assurance of fairness preserved by public presence at a trial is not lost when one party's cause is pursued under a fictitious name." *Richmond Newspapers, Inc.,* 448 U.S. at 599-600.

### 1. Plaintiff was a minor at the inception of her forced sex-trafficking.

Plaintiff's forced sex trafficking began when she was still just a minor. Compl. ¶ 8. As such descriptions and photos of Plaintiff of a sexual nature, while she was still a minor, will necessarily be disclosed during the pendency of this case and will be made public absent anonymity.

### 2. Violence and threats of violence were fundamental in Plaintiff's trafficking.

Traffickers use threats, violence, manipulation, lies, debt bondage, addiction, and other forms of coercion to compel individuals to engage in commercial sex acts against their will. Id. ¶ 48. Plaintiff's traffickers used physical violence and force, threats of force, (forced) drug addiction, manipulation, mental abuse, debt bondage, and lies to force R.R. to engage in commercial sex acts. Id. ¶¶ 22, 59 - 64, 68, 86, 89, 94, 107, 113, 149, 194, This violence, threats and the accompanying manipulation were effective in forcing Plaintiff to capitulate to her traffickers' demands.

### 3. Public identification of Plaintiff's identity will severely exacerbate Plaintiff's harm.

Public identification of Plaintiff will cause her severe additional harm. Human trafficking and sexual abuse strip its victims of their dignity and value as a person; it erases the victim's choice and makes the victim doubt his or her own self-worth.[1] Publicly identifying Plaintiff will further exacerbate the traumas she already has suffered and continues to suffers

Survivors of sex trafficking can learn to speak openly about their experience and even come to thrive under the right circumstances. However, it takes a tremendous amount of painstaking work, during which time they are extremely vulnerable.[2] Even at the most advanced stages of healing, many survivors are not willing to go public with their stories, and being forced to do so can be severely damaging. Survivors struggle with "re-living the traumas over again through flashbacks, overwhelming intrusive and negative thoughts, feeling consumed by emotions of shame and guilt, thinking that they are living in hiding and unable to let themselves be truly seen, and experiencing

---

[1] United Nations, *Breaking the Silence on Human Trafficking*, (Mar. 25, 2009), available at https://www.unodc.org/unodc/en/frontpage/breaking-the-silence-on-human-trafficking.html.
[2] Ruth Rondon, *Understanding the 4 Stages of Recovering from Sex Trafficking*, Human Trafficking eLearning, (2017) 1- 7, 5, available at https://humantraffickingelearning.com/wp-content/uploads/2017/09/Understanding-the-four-stages-of-recovery-from-sex-trafficking.pdf.

fleeting feelings of dignity and respect." [3] Plaintiff does not speak publicly about her past victimization, and instead, has tried to regain the normal life that was taken from her. Thrusting her into the public spotlight can be catastrophic to her recovery and cause her additional severe psychological harm.

Additionally, victims of sex trafficking and sexual abuse are uniquely vulnerable to information (and misinformation, targeting, bullying and the like) posted online and throughout social media. *See Cabrera,* 307 F.R.D. at *7 ("Having the plaintiff's name in the public domain, especially in the internet age, could subject the plaintiff to future unnecessary interrogation, criticism, or psychological trauma, as a result of bringing this case.") Perhaps more concerning, traffickers are experts in psychological manipulation; they use degrading and dehumanizing tactics to keep their victims enslaved and in fear and would not hesitate to use this information against Plaintiff. Another concern is that some people blame the victim for sex crimes committed against them and victims are forever stigmatized due to the sexual servitude that was forced upon them. To subject Plaintiff to public disclosure of her identity will likely undermine the entire point of the suit (to attempt to be made whole) and perpetuate some of the same harms that she has already suffered. Identification of Plaintiff will likely cause additional severe mental and psychological harm, which weighs in favor of allowing Plaintiff to proceed under a pseudonym.

### 4. Plaintiff is only requesting leave to proceed pseudonymously in pretrial proceedings at this stage of litigation.

In *Does I thru XXIII v. Advanced Textile Corp.,* the Ninth Circuit stated, "[w]e recognize that the balance between a party's need for anonymity and the interests weighing in favor of open

---

[3] *Id* at 3.

judicial proceedings may change as the litigation progresses. In cases where the plaintiffs have demonstrated a need for anonymity, the district court should use its powers to manage pretrial proceedings, *see* Fed. R. Civ. P. 16(b), and to issue protective orders limiting disclosure of the party's name, *see* Fed. R. Civ. P. 26(c), to preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party's ability to litigate the case." *Does I thru XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1069 (9th Cir. 2000). Plaintiff is merely requesting leave to proceed pseudonymously with the operative Complaint, and to proceed in the pretrial proceedings pseudonymously. Should Plaintiff determine that pseudonymity is merited for trial, a motion will be filed at the appropriate time.

5. **Plaintiff will provide her identity to Defendants**

   III.  Plaintiff acknowledges that it will prejudice the defendant to not know who to investigate and being unable to confront the accuser. Accordingly, Plaintiff either will be or has already identified herself to Defendants. **CONCLUSION**

For the reasons stated above, Plaintiff, R.R., requests that this Court grant her leave to proceed pseudonymously by using her initials instead of her full name on the public docket in the case.

## LOCAL RULE 7.1 CERTIFICATION

I hereby certify that prior to the filing of this Motion, Counsel for Plaintiff discussed the relief requested in this Motion with counsel for Defendants (((via email on XXX and via telephone on XXX))) and opposing counsel has represented to the undersigned that, while they in no way agree with or concede the various factual representations made herein, they have no objection to Plaintiff

proceeding pseudonymously in pre-trial proceedings by using her initials instead of her full name on the public docket in the case.

DATED <mark>XXXXXX</mark>

                                           Respectfully submitted,

**VICTIM'S VOICE, LLC**

By: */s/ Anthony Chiarello*
Anthony Chiarello, Esq.
Florida No. 73760
100 N. Federal Hwy, 4th Floor
Fort Lauderdale, FL 33301
Telephone: 754.335.4700
Facsimile: 954.994.0040
anthony@victimsvoice.law
vv.001@victimsvoice.law

*Attorneys for Plaintiff*